**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-51165
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN FRANCISCO MIRANDA JR, also known as Juan Miranda

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-64-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Francisco Miranda, Jr., appeals his guilty plea convictions for possession with intent to distribute five grams or more of cocaine base and possession of a firearm in furtherance of a drug-trafficking crime. The district court sentenced Miranda to the mandatory minimum sentence of consecutive five-year terms of imprisonment and to concurrent five-year terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Miranda argues that his guilty plea was involuntary because his rearraignment did not comply with Federal Rule of Criminal Procedure 11. He argues that the district court failed to explain the applicability of the Sentencing Guidelines, its ability to depart from the guidelines, the effects of supervised release, and that he could be prosecuted for perjury if he made false statements to the court.

Because Miranda did not raise a Rule 11 objection in the district court, our review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Miranda must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* In order to show that error at rearraignment affects his substantial rights, Miranda "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We "may consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59.

Our review of the entire record leads us to conclude that there is no reasonable probability that the deviations from Rule 11 cited by Miranda caused him to plead guilty or otherwise affected his substantial rights.

AFFIRMED.